UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN W. HOLLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>    Defendant. | CASE NO. **C07-5670RBL**<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 19, 2008 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administration's final decision.

INTRODUCTION

Plaintiff, John Holland, was born in 1959. He completed high school. Mr. Holland was in the Navy from 1977 to 1984. and he has past relevant work experience as an asbestos removal worker, a carpet cleaner, a janitor, a newspaper deliverer, pizza deliverer, hospital housekeeper and insulation worker. Plaintiff said that the major reason he cannot work is his right wrist and hand which he injured in 1983.

Mr. Holland protectively filed applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on February 20, 2002. He alleged disability since December 12,

2001 due to PTSD, anxiety, depression, wrist pain and headaches. After the applications were denied administratively, a hearing occurred on August 3, 2004 before an administrative law judge ("ALJ"). On December 17, 2004, the ALJ issued a decision which provides that plaintiff is capable of performing modified "light" work and is not disabled. (Tr. 19-28.) The administration's Appeals Council denied review and the case was appealed to the federal court.

Under cause number C05-5812RBL, Plaintiff argued several errors committed by the ALJ. On August 17, 2008, based on a report and recommendation by the Honorable Karen L. Strombom, the Court issued an Order remanding Mr. Holland disability claim for a new hearing. (Tr. 481). Based on the recommendation, the Court found the ALJ had failed to properly consider (i) the medical opinion evidence, (ii) lay witness evidence, (iii) Plaintiff's residual functional capacity, and (iv) Plaintiff's ability to perform other work within the national economy. A remand hearing was held on February 2, 2007, and on May 15, 2007, the ALJ issued a decision, addressing the earlier mistakes and finding that Plaintiff was not disabled. (Tr. 466-480). After the Appeals Council denied Plaintiff's request for review, a timely complaint was again filed in Federal District Court December 3, 2007.

Plaintiff now seeks additional judicial review of the administrative decision denying him social security benefits. Plaintiff specifically argues: (1) the ALJ erroneously ignored the lifting limitation identified by Dr. Jackson; (2) the ALJ improperly rejected the opinion and reports of Dr. Neims; (3) the ALJ failed to properly evaluate the lay witness testimony; and (4) the ALJ improperly determined Plaintiff's residual functional capacity and failed to meet the burden of showing that Plaintiff can perform other work within the national economy. Defendant counter-argues that the ALJ applied the proper legal standards and that the administrative findings and conclusions are properly supported by substantial evidence in the record.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less

than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

*A. THE ALJ PROPERLY ASSESSED THE MEDICAL EVIDENCE*

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, Plaintiff contends the ALJ improperly evaluated the opinions of Dr. Niems. Plaintiff argues Dr. Neims' opinion should have been adopted by the ALJ, who used "one of the same reasons previously rejected by this Court" to discredit Dr. Neims' opinion. Previously, Judge Strombom found the ALJ improperly rejected Dr. Neims' opinion based, in part, due to the ALJ's reference to Dr. Neims' "scattergun approach" without acknowledging that Dr. Chalstrom had also diagnosed Plaintiff with more than one mental health impairment. Judge Strombom wrote, "The ALJ fails to explain how the fact that an examining physician's findings that a claimant has many diagnoses alone is indicative of a lack of clinical validity."

On remand, the ALJ cured his earlier mistake. Addressing the conflicting evidence provided by Dr. Chalstrom and Dr. Neims, the ALJ wrote:

> I have also considered the medical opinions included in the record when making my determination regarding the claimant's residual functional capacity. Dr. Neims performed several DSHS psychological evaluations in connection with the claimant's applications for welfare benefits. In these evaluations he found the claimant to have moderate to marked limitations in his cognitive functioning, social functioning, and his ability to maintain concentration, persistence, and pace (Exhibit 5F, p.7, Exhibit 13F, p. 100-14, Exhibit AC1, p.4, and Exhibit 21F). However, Dr. Chalstrom, another consultative examiner, concluded the exact opposite opining that the claimant's psychological state would not keep him from working. Dr. Chalstrom felt the claimant was more angry than depressed and was responding to social stresses such as his distress over his arm problems, his financial status, and his inability to find a job he felt able to do. He concluded that overall the claimant only had mild limitations in functioning (Exhibit 7F, p.5-6).
>
> I have considered both the opinions of Dr. Neims and Dr. Chalstrom and find that Dr. Chalstrom's opinion should be given more weight in this evaluation. Dr. Chalstrom's diagnoses of an adjustment disorder and history of substance abuse are much more consistent with the claimant's VA treatment records, which show at most some moderate depressive symptoms that responded well to treatment with antidepressant medication. I note that the claimant has never been hospitalized due to mental impairments, he has not been referred to a psychiatrist by his treating physician, and he has not received any therapy or counseling. This suggests that the claimant's mental impairments are well controlled with the use of medications and contradict Dr. Neims findings. [Omitted].

(Tr. 477-478).

The ALJ was faced with contradicting medical opinions. Clearly, the ALJ gave more weight to Dr. Chalstrom's opinion, and he very specifically explained his reasoning. The ALJ provided legitimate reasons to reject Dr. Neims opinion, i.e., contradictory opinion of Dr. Chalstrom, consistency with VA treatment records showing only moderate depressive symptoms, and lack of significant medical care. In sum, the undersigned finds no error in the ALJ's treatment of Dr. Neims' opinion.

### B.  *THE ALJ PROPERLY EVALUATED THE LAY WITNESS TESTIMONY*

An ALJ must cite reasons germane to the witness in order to properly discredit lay witness testimony. Schneider v. Commissioner, 223 F.3d 968, 976 (9th Cir. 2003).

Here, Plaintiff argues that the ALJ did not adequately address the lay witness testimony of his fiancé, Kathleen Ravin. In the context of evaluating Plaintiff's RFC and immediately following his finding that Plaintiff's subjective complaint and allegations were not being given full credit, the ALJ address Ms. Ravin's testimony. He wrote:

> At the last hearing, the claimant's significant other, Kathleen Ravin, testified in the claimant's behalf. Her testimony was similar to, and bolstered that of the claimant. She essentially confirmed the claimant's complaints concerning a lack of social interaction and his hand limitations. Ms. Ravin also confirmed the couple's participation in social groups, noting that such participation had ceased a couple of years ago. The lay witness statements have been considered and are generally corroborative of the claimant's allegations.

REPORT AND RECOMMENDATION
Page - 4

> However, I am unable to find the lay witness statements in this matters as probative in terms of the ultimate issue of disability in light of the medical and other factors in this case. The lay witness herself was reliant on the claimant's subjective description of his impairments, which are not highly credible in this case. Further, I conclude that the lay witness statements cannot outweigh the analysis of the objective clinical and laboratory evidence, as well as the claimant's overall functional abilities, which contradict disability.

(Tr. 477).

The court notes Plaintiff does not challenge the ALJ's negative finding as to his own credibility, which was previously upheld by this Court. The ALJ properly discredited the lay witness testimony on the basis that he rejected Plaintiff's credibility. The ALJ also properly relied on the medical evidence to discredit Ms. Ravin's testimony, and it is evident from the context of the administrative decision that the ALJ refers not only to all of the clinical evidence in general, but specifically to the reports of Dr. Chalstrom (Tr. 477).

### C. *THE ALJ PROPERLY EVALUATED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY AND RELIED ON TESTIMONY OF THE VOCATIONAL EXPERT*

"[R]esidual functional capacity" is "the maximum degree to which the individual retains the capacity for sustained performance of the physical- mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c) (emphasis added). In evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis." 20 C.F.R. § 404.1512(a). The regulations further specify: "When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis." Id. at § 404.1545(b). If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. 20 CFR §§ 404.1527, 416.927.

Plaintiff argues the ALJ's RFC finding does not address Dr. Jackson's finding that plaintiff could only lift 10 pounds occasionally and 5 pounds frequently with his dominant right hand. On June 3, 2002, Dr. Jackson examined Plaintiff and assessed his functional capacity. Dr. Jackson's reports states:

> LIFTING AND CARRYING: The claimant could be expected to lift/carry 20 pounds occasionally or 10 pounds frequently with the left hand and to lift/carry ten pounds occasionally and five pounds frequently with the right hand.

Tr. 206.

The ALJ's RFC accurately reflects Dr. Jackson's assessment. Summarizing the medical evidence,

the ALJ wrote, "Dr. Jackson concluded that the claimant is able to perform the lifting requirements of light work activity using his left hand, but state that he is limited to lifting 5 pounds frequently and 10 pounds occasionally with the right hand." (Tr. 470). The ALJ stated specifically noted his RFC was consistent with Dr. Jackson's evaluation, writing, "The Claimant can lift 10 pounds frequently and up to 20 occasionally, but given difficulties with his right hand, he cannot use his right hand repetitively for manipulation and he has slightly reduced grip strength." (Tr. 474). Furthermore, when the hypothetical was posed to the vocational expert, the ALJ emphasized Plaintiff's right hand impairments and an ability to do only light type work (which requires lifting up to 20 pounds occasionally) along with those impairments. (Tr. 630). In sum, the undersigned is not persuaded by Plaintiff's argument that the ALJ failed to consider or ignored Dr. Jackson's lifting limitations when Plaintiff's RFC was assessed.

Plaintiff additionally argues the ALJ's RFC findings are contrary to the mandatory requirements of SSR 96-8p, and he failed to consider "all" of the medical and vocational evidence, as required by SSR 96-8p. As noted above, the ALJ properly discounted or rejected Dr. Neims' opinion, and he accurately relied on the opinions of Dr. Chalstrom and Dr. Jackson to formulate Plaintiff's RFC. Plaintiff's remaining arguments, challenging the ALJ's RFC determination, include: (i) is that the ALJ failed to properly account for the opinion of Dr. Lewis in the RFC; (ii) the ALJ failed to address the State Agency physician's "marked" and "moderate" limitations; (iii) the ALJ ignored Plaintiff's inability to compute simple math problems and spell at 3rd – 4th grade levels; and (iv) the ALJ failed to consider the side effects of Plaintiff's medications. After reviewing the record and ALJ's RFC finding, the undersigned finds no errors. As mentioned above, the ALJ's RFC finding accurately reflects medical evidence relied upon by the ALJ. The RFC and the hypothetical posed to the vocational expert at the hearing are supported by substantial evidence. The ALJ did not err when he relied on the vocational expert's testimony to conclude Plaintiff is not disabled and he is capable of working as messenger.

## CONCLUSION

Based on the foregoing discussion, the Court should affirm the Administration's final decision denying plaintiff's application for social security disability benefits. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a

| | |
|---|---|
| 1 | waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating |
| 2 | the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on |
| 3 | **September 19, 2008**, as noted in the caption. |
| 4 | DATED this 25th day of August, 2008. |

                                          /s/ J. Kelley Arnold  
                                          J. Kelley Arnold  
                                          U.S. Magistrate Judge